UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ALFRED FUENTES, | No. CV 09-09212-VAP (VBK) |
|         Petitioner, | ORDER TO SHOW CAUSE |
|    v. | |
| STATE OF CALIFORNIA, | |
|         Respondent. | |

    On November 25, 2009, Alfred Fuentes (hereinafter referred to as "Petitioner") filed a "Petition for Writ of Habeas Corpus" ("Petition") in the United States District Court for the Southern District of California. On December 13, 2009, an Order Transferring Action to the United States District Court for the Central District of California was issued by United States District Judge Dana M. Sabraw. The Petition purports to be directed to a conviction sustained in the Los Angeles County Superior Court of violating California Penal Code ("PC") §459, burglary and PC §667, the Three Strikes Law. Petitioner was sentenced on January 23, 1996 to 35 years to life. (See Petition

filed in Burbank Superior Court attached to Petition.)[1]

It appears from the face of the Petition that state remedies have not been exhausted. There is no indication in the Petition whatsoever that the California Court of Appeal or California Supreme Court have been given an opportunity to rule on Petitioner's contentions. The Court only has an attachment the Petitioner apparently filed in the Burbank Superior Court; however, there is no filing date on the Petition nor did Petitioner fill in the date he signed the Petition.

A federal court will not review a state prisoner's petition for writ of habeas corpus unless it appears that the prisoner has exhausted available state remedies on each and every claim presented. 28 U.S.C. § 2254(b) and (c); Carothers v. Rhay, 594 F.2d 225, 228 (9th Cir. 1979); see Rose v. Lundy, 455 U.S. 509, 522 (1982). "For reasons of federalism, 28 U.S.C. § 2254 requires federal courts to give the states an initial opportunity to correct alleged violations of its prisoners' federal rights." Kellotat v. Cupp, 719 F.2d 1027, 1029 (9th Cir. 1983).

Exhaustion requires that the prisoner's contentions be fairly presented to the highest court of the state. Carothers, supra, 594 F.2d at 228; see Allbee v. Cupp, 716 F.2d 635, 636-37 (9th Cir. 1983). A claim has not been fairly presented unless the prisoner has described in the state court proceedings both the operative facts and the federal legal theory on which his claim is based. See Anderson v. Harless, 459 U.S. 4, 6 (1982); Pappageorge v. Sumner, 688 F.2d 1294 (9th Cir. 1982), cert. denied, 459 U.S. 1219 (1983).

---

[1] Petitioner failed to file the Petition on the form used in the Central District of California and failed to properly fill in the date of his conviction and sentence, the nature of the offenses or Penal Code sections charged and whether he has exhausted his state remedies.

1    Further, it appears that the Petition may be barred by the statute
2 of limitations since the Petition was filed after the President signed
3 into law the Antiterrorism and Effective Death Penalty Act of 1996
4 (the "AEDPA") on April 24, 1996, the Court's consideration of the
5 Petition's timeliness is governed by 28 U.S.C. §2244(d), as amended by
6 the AEDPA.  See Calderon v. United States District Court for the
7 Central District of California (Beeler), 128 F.3d 1283, 1287 n.3 (9th
8 Cir. 1997), cert. denied, 522 U.S. 1099 and 523 U.S. 1061 (1998).[2]
9 That section provides:

> "(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--
>
> (A)  the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or,

---

[2] Beeler was overruled on other grounds in Calderon v. United States District Court (Kelly), 163 F.3d 530, 540 (9th Cir. 1998)(en banc), cert. denied, 119 S. Ct. 1377 (1999).

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

Under section 2244(d)(1)(A), the statute begins to run at the completion of direct review in the state courts. Here, it appears that Petitioner was sentenced on January 23, 1996. However, the Court cannot determine whether Petitioner filed a direct appeal or a Petition for Review in the California Supreme Court.

The running of the AEDPA's one-year time limitation is tolled for the time period during which a properly filed application for post-conviction or other state collateral review is pending in state court. See 28 U.S.C. §2244(d)(2); Evans v. Chavis, 546 U.S. 189, 193-194, 126 S.Ct. 846 (2006); Duncan v. Walker, 531 U.S. 991, 121 S. Ct. 2120 (2001)(The statutory term "other collateral review" refers to other state collateral review). The statute is tolled from "the time the first state habeas was filed until the California Supreme Court rejects the petitioner's final collateral challenge." Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir.), cert. denied, 529 U.S. (2000).

Statutory tolling under AEDPA may include the time between properly filed state petitions, so long as the prisoner is attempting, "through proper use of state court procedures," to exhaust his state court remedies. Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999); accord, Carey v. Saffold, 536 U.S. 214, 122 S.Ct. 2134, 2138 (2002).

1 | Such "gap tolling," however, is available only insofar as a petitioner
2 | is pursuing "one complete round of the state's established appellate
3 | review process." Nino, 183 F.3d at 1005; see also Saffold, 122 S.Ct.
4 | at 2138; Dils v. Small, 260 F.3d 984, 986 (9th Cir. 2001).

5 | The Ninth Circuit has held that the District Court has the authority to raise the statute of limitations issue sua sponte when untimeliness is obvious on the face of the petition, and to summarily dismiss the petition pursuant to Rule 4 of the Rules Governing §2254 Cases in the United States District Courts, so long as the Court "provides the petitioner with adequate notice and an opportunity to respond." See Day v. McDonough, 547 U.S. 198, 126 S.Ct. 1675 (2006); Nardi v. Stewart, 354 F.3d 1134, 1141 (9th Cir. 2004); Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

**IT IS THEREFORE ORDERED** that on or before January 18, 2010, Petitioner show cause in writing, if any, why the Court should not recommend that the Petition be dismissed on the grounds of untimeliness. Petitioner must advise the Court of the date of his conviction and sentence, the nature of the charges, the date he filed a direct appeal, Petition for Review and any state habeas petitions.

DATED: December 18, 2009           /s/
                                    VICTOR B. KENTON
                                    UNITED STATES MAGISTRATE JUDGE

Such "gap tolling," however, is available only insofar as a petitioner is pursuing "one complete round of the state's established appellate review process." Nino, 183 F.3d at 1005; see also Saffold, 122 S.Ct. at 2138; Dils v. Small, 260 F.3d 984, 986 (9th Cir. 2001).

The Ninth Circuit has held that the District Court has the authority to raise the statute of limitations issue sua sponte when untimeliness is obvious on the face of the petition, and to summarily dismiss the petition pursuant to Rule 4 of the Rules Governing §2254 Cases in the United States District Courts, so long as the Court "provides the petitioner with adequate notice and an opportunity to respond." See Day v. McDonough, 547 U.S. 198, 126 S.Ct. 1675 (2006); Nardi v. Stewart, 354 F.3d 1134, 1141 (9th Cir. 2004); Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

**IT IS THEREFORE ORDERED** that on or before January 18, 2010, Petitioner show cause in writing, if any, why the Court should not recommend that the Petition be dismissed on the grounds of untimeliness. Petitioner must advise the Court of the date of his conviction and sentence, the nature of the charges, the date he filed a direct appeal, Petition for Review and any state habeas petitions.

DATED: December 18, 2009           /s/
                                   VICTOR B. KENTON
                                   UNITED STATES MAGISTRATE JUDGE